IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL PARKS,                  )
                                )
            Plaintiff,          )
                                )
       v.                       )     1:22CV934
                                )
BUNN CORRECTIONAL, et al.,      )
                                )
            Defendant(s).       )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a lengthy handwritten letter with attached documents which the Court treated as a civil rights action pursuant to 42 U.S.C. § 1983 based on some of the allegations it contains. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new action, on the proper forms and in the correct district. As for the nature and location of any refiling, Plaintiff appears to raise a number of types of claims in his filing. Some of them deal with medical treatment during his confinement and led the Court to treat

the filing as an action under § 1983. To the extent Plaintiff seeks to raise those claims, the Court also notes that it appears that the potential defendants may be located in the Eastern District of North Carolina, where Plaintiff is housed. The events challenged in these claims are all alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.

Plaintiff also appears to challenge parole decisions in his case. These claims would likely need to be filed as a habeas action under 28 U.S.C. § 2241 in his district of confinement, which is, again, the Eastern District of North Carolina.

Finally, Plaintiff may seek to challenge his original conviction or sentence and various prison disciplinary convictions. Such challenges would need to be raised in habeas actions under 28 U.S.C. § 2254. It again appears that the disciplinary convictions occurred at facilities in the Eastern District of North Carolina. However, Plaintiff's original conviction occurred, according to the records of the North Carolina Department of Public Safety, in Cleveland County in the Western District of North Carolina. The address for that court is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. Plaintiff should determine what type of action or actions he seeks to bring, obtain the proper forms from the proper court, and making any filings in the appropriate court.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing new actions on the proper forms and in the correct districts.

This, the 14th day of November, 2022.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

3